Frost, J.
delivered the opinion of the Court,
Without the security furnished by bail process for the personal appearance of the defendant’ to abide by and perform the judgment of the Court, a suit at law would be, in very many cases, an idle and impotent proceeding. By the practice, in Westminster, which obtained in our Courts, prior to the Act of 1809, this security was very strictly enforced. After arrest, the Sheriff was bound to produce the body of the defendant at the return of the writ, to answer to the plaintiff. Though the Sheriff was required to admit the defendant to bail, the bail bond served only for his own indemnity. If the defendant were not produced at the return of the writ, the plaintiff had his option, either to take an assignment of the bond to the Sheriff and proceed upon that; or to enforce, by a rule against the Sheriff, the production of the body. When the defendant was produced, he was committed to prison if he did not give bail to the action. This was done by the defendant and his sureties entering into a recognizance of bail before one of the Judges. Exceptions to the bail were heard by the Judge. The bail could not surrender their principal without a Judge’s order; on whose mittimus the defendant was carried to prison. If the defendant escaped before he was delivered in prison, the bail were liable; nor was the bail effectually discharged until an exoneretur was entered on the bail piece.—Sel. Prac. 160.
By the Act of 1809, which, in effect, converted bail to the Sheriff into bail to the action, and declared a Judge’s order for the surrender of the principal unnecessary, the agency of the Judge was devolved on the Sheriff, who takes the bail bond, and to whom the surrender of theprin- *444 cipal is made by the bail. This change lessened the security of the plaintiff for the person of defendant, by dispensing with notice to his attorney of the taking of bail and surrender of the principal, and by the disuse of the formal proceedings by which those acts were before guarded. The loose practice which has since prevailed in the surrender of bail, it was designed to correct by the recent cases of Bomar v. Poole, 2 Spear. 119, and Clover v. Gomillion, 2 Rich. 554. In the latter case, it is prescribed, “ that every render should be an actual and honest delivery of the body to the custody of the Sheriff; such as clearly to make the Sheriff liable for a subsequent escape. It will not suffice for the bail to offer the principal to the Sheriff in the street, in his office, or other place, where there may be a chance of escape ; unless the Sheriff, there, after full notice, expressly accept the body. The Sheriff has the right to take time for all necessary inquiries, and (after ascertaining the right of the bail to render and his right to receive,) to require that the body be delivered in jail, with exact notice of the case in which it is rendered. The bail, on their part, have a right to require the means of distinctly proving what has been done ; of which none can be so apt as a receipt from the Sheriff, containing all necessary-particulars.” These requirements, it will be noticed, respect only the Sheriff and the bail, and specify the evidence eaclr may demand of the other for his security, leaving it optional with each to demand it or not. The protection of the plaintiff is over-looked. It may happen, through the carelessness or ignorance of the Sheriff and the bail, that they neglect to verify the act of surrender by such evidence as, while it serves to protect each of them, may also afford to the plaintiff á certain remedy against either of the parties, who may be delinquent, for his damages in case of an escape. This risk, the plaintiff must always incur so long as written evidence of a surrender is not required. It may happen, as in this case, that the testimony of witnesses to the surrender may be so nearly balanced, that it may support a verdict, either affirming or negativing the fact; and, *445 on the same proof, the plaintiff fail to recover, successively, against the bail and the Sheriff But even if the evidence of a surrender by witnesses, in an action against the bail, he indisputable, the plaintiff may, by their death or removal, before the trial of an action against the Sheriff, be defeated of his remedy for an escape. Such results, proceeding from defective evidence of an act, done in the course of judicial process, would be a just subject of complaint and of reflection against the administration of the law.
By the Act of 1809, it was designed to dispense with such proceedings only as were considered dilatory and expensive. There is nothing to warrant, the Court in dispensing with such evidence of a surrender as was required before the Act, and may be proper, and convenient, and consistent with the provisions of the Act. The written endorsement by the Sheriff on the bond of the surrender, for all purposes of evidence, is equal to an exoneretur. Such an endorsement is neither dilatory nor expensive, nor difficult. It would preserve the evidence of the fact for the security of the plaintiff, as well as of the bail and Sheriff, and affords, in case of a surrender, the same degree of evidence which is required of all other proceedings on judicial process. The defendant is discharged from the custody of the Sheriff,^on the undertaking of his bail that he shall render himself in execution, or that they will satisfy the judgment. It is a mild condition of the discharge of their liability to the plaintiff, that the surrender of the defendant should be certified in writing. It would be more consistent with the certainty and permanence of the evidence of acts, done in the course of judicial proceeding, that the surrender should be endorsed on the bond, where it would be preserved and always accessible among the records of the Court, but it 'is not deemed expedient to require more than that it should be evidence by writing, for the regulation of future practice.
It is ordered that when the surrender of the principal, by his bail, is made to the Sheriff, he shall acknowledge the surrender by endorsement on the bail bond, or by a sepa *446 rate instrument of writing, in which shall be stated the case or cases in which the surrender has been made.
This case shows how precarious must be the plaintiff’s remedy against bail for an escape, when it depends on the testimony of witnesses. The jury were instructed respecting the law in conformity with the decision in Glover v. Comillion. Though the verdict is for the defendant, the evidence does not satisfy the rules prescribed. It does not show an actual and honest delivery of Bell into the custody of the Sheriff, so as clearly to make the Sheriff liable for a subsequent escape. By two witnesses, on the part of the defendant, it was stated that the defendant, in the crowd and confusion in and about the Sheriff’s office, at the hour of opening the Court, on the first day of the term, went with Bell into the office; and told the Sheriff, who was standing at his desk, that he had brought Bell and wished to give him up. According to one witness, the Sheriff replied “well;” and according to the other, “you are released.” One of the witnesses thought the Sheriff understood the business. He also said Bell was surrendered on a bail bond, but did not know the case. Bell was at Court, every day of the term, but the Sheriff did not take him-. The render of Bell in the Sheriff’s office was insufficient, unless the Sheriff expressly accepted the render, of which his replies and conduct leave great doubt. The intention of the defendant to render Bell, in discharge of the bail, was not proved to have been stated to the Sheriff, further than defendant said he wished to give him up ; nor was the case named in which the surrender was made; and so-the purpose of the defendant could have been known- to- the Sheriff, only on the assumption that he recollected two bail bonds of the parties which he had in his office. On the part of the plaintiff, the Sheriff’s deputy and clerk deny all knowledge or information of any surrender, and they show many circumstances to confirm their belief that no surrender was in fact made. The proof falls short of the important requirement that it should be such as clearly to make the Sheriff liable for an escape. . Indeed it may safe- *447 ]y be affirmed that the evidence would equally support a ■.verdict in favor of the Sheriff, if the action were against him for an escape.
The motion is granted.
O’Neall, J. Evans, J. and Withers, J. concurred.

Motion granted.